# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| George Hightower, | ) |
| | ) |
| | ) |
| v. | ) **Jury Trial Demanded** |
| | ) |
| Universal Protection Service, | ) |
| LLC.; d/b/a Allied Universal | ) |
| | ) |
| Security Systems | ) |

## COMPLAINT

**COMES NOW**, the Plaintiff, George Hightower, ("Plaintiff") by and through his undersigned counsel, and hereby files this complaint against Universal Protection Service, LLC.; d/b/a Allied Universal Security Systems ("Defendant.")

This action is brought by Plaintiff for purposes of obtaining relief under the Federal Fair Labor Standards act of 1938, as amended, 29 U.S.C. § 201 et. seq., for unpaid compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

1

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq*.

2. This court has supplemental jurisdiction over Count III of this complaint under 28 U.S.C § 1367.

3. The unlawful employment action alleged herein took place within the Southern Division of the Northern District of Alabama.

4. Venue is proper in this Court, the United States District Court for the Northern District of Alabama, pursuant to Title 28, U.S.C. § 1391 and the Local Rules of the United States District Court for the Northern District of Alabama.

## PARTIES

### A. Plaintiff

5. The Plaintiff, George Hightower, is over the age of nineteen (19) and is domiciled in the State of Alabama.

6. During all times relevant to this Complaint, the Plaintiff was an employee of the Defendant.

### B. Defendant

7. Universal Protection Service, LLC.; d/b/a Allied Universal Security Systems is a foreign corporation currently licensed to do business in the State of Alabama.

8. Universal Protection Service, LLC.; d/b/a Allied Universal Security Systems is an enterprise engaged in interstate commerce for the purposes of the Fair Labor Standards Act; specifically, they conduct business in multiple states including Alabama.

9. Further, upon information and belief, Universal Protection Service, LLC.; d/b/a Allied Universal Security Systems has a gross revenue which exceeds $500,000 per year.

10. Universal Protection Service, LLC.; d/b/a Allied Universal Security Systems is considered an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and is not exempt from the Act.

## FACTS

11. In or around 2018, Plaintiff began working for Defendant as a security guard.

12. Plaintiff's hourly wage is $8.35 per hour.

13. Plaintiff is not exempt from the protections of the FLSA.

14. Starting in July of 2022, Plaintiff began having issues with his paycheck.

15. On average, Plaintiff worked 48 hours per week, but received compensation significantly less than the hours he worked, and he was also not paid the premium overtime rate for all hours worked above 40 in a work week.

16. To the best of Plaintiff's calculations, Plaintiff was not paid for the correct number of hours worked and was not paid the premium overtime rate for all

hours worked above 40 in a work week, beginning in July of 2022 and continuing through December of 2022.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (Overtime Violations – 29 U.S.C. § 207)

17. Plaintiff adopts and realleges paragraphs 1-16 as if fully set out in this count.

18. During the relevant period, Plaintiff regularly worked in excess of 40 hours per week.

19. Plaintiff informed Defendant about the disparity between the hours he worked and the hours that were paid to him, as well as the fact that he was regularly working in excess of 40 hours per week.

20. Defendant ignored Plaintiff's request to be correctly paid for all the hours he worked and to be paid the premium overtime rate for all hours worked above 40 in each work week.

21. Plaintiff has a good faith belief that at the time of filing this action, he is owed more than $3,700 (discovery pending) in back wages in addition to liquidated damages.

22. The Defendant's failure to pay the Plaintiff correctly was willful and without good faith as defined in 29 U.S.C. § 260.

23. The Defendant, by such failure, has willfully violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

**WHEREFORE,** Plaintiff prays that this Honorable Court will:

A. Require Defendant to pay Plaintiff damages for unpaid wages for the dates at issue;

B. Require Defendant to pay Plaintiff liquidated damages as provided for under the Fair Labor Standards Act;

C. Issue a declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the FLSA with respect to Plaintiff;

D. Award Plaintiff his reasonable attorneys' fees and costs and expenses of the suit; and

E. Provide such other relief as the Court may deem just and proper.

## COUNT II
## VIOLATION'S OF THE FAIR LABOR STANDARDS ACT
### (Minimum Wage Violations – 29 U.S.C. § 206)

24. Plaintiff adopts and realleges paragraphs 1-16 as if fully set out in this count.

25. At all times relevant to this suit, Plaintiff was a non-exempt employee of the Defendant under the FLSA.

26. At all times relevant to this suit, Defendant maintained adequate record of all hours worked by the Plaintiff.

27. However, Defendant failed to compensate Plaintiff at a rate above or equal to the FLSA's minimum wage requirement.

28. Specifically, between July 22, 2022, and December 9, 2022, on average, Defendant compensated Plaintiff at an hourly rate of a mere $5.43 per hour.

29. As such, the Defendant violated the FLSA's minimum wage requirement under 29 U.S.C. § 206.

30. Defendant's failure to pay was willful and without good faith as defined in 29 U.S.C. § 260.

**WHEREFORE,** Plaintiff prays that this Honorable Court will:

F. Require Defendant to pay Plaintiff damages for unpaid wages for the dates at issue;

G. Require Defendant to pay Plaintiff liquidated damages as provided for under the Fair Labor Standards Act;

H. Issue a declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the FLSA with respect to Plaintiff;

I. Award Plaintiff his reasonable attorneys' fees and costs and expenses of the suit; AND

J. Provide such other relief as the Court may deem just and proper.

## COUNT III
### (Breach of Contract)

31. Plaintiff adopts and realleges paragraphs 1-16 as if fully set out in this count.

32. Plaintiff and Defendant entered into an agreement where Defendant guaranteed to pay Plaintiff $8.35 per hour worked.

33. Such agreement was entered into without coercion or duress and with both parties being of full mental capacity.

34. Plaintiff relied on this agreement and adequately performed his work duties by showing up to work every day, at the time requested by his employer, and adequately performing the duties requested of him.

35. However, starting in July of 2022 and continuing through December of 2022, Plaintiff did not receive the agreed-upon hourly wage.

36. Specifically, between July 22, 2022, and December 9, 2022, Defendant paid Plaintiff an average of a mere $5.43 per hour.

37. Defendant breached its agreement with Plaintiff causing him to suffer damages

38. Plaintiff has a good faith belief he is owed in excess of approximately $3,700 (discovery pending).

**WHEREFORE,** Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment that Defendant breached its contract in violation of Alabama law by failing to pay Plaintiff the agreed-upon hourly wage for the hours he worked;

B. Require Defendant to pay Plaintiff compensatory damages in an amount to be determined by a jury as provided for under Alabama law for Defendant's willful breach of contract in failing to pay Plaintiff the agreed amount for his work performed;

C. Award Plaintiff his reasonable attorney's fees and costs and expenses of suit, and;

D. Grant such further relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury for the trial of this action.

Respectfully submitted,

/s/ Jeremy Schatz
Jeremy Schatz
ASB-2400-H34Y
*Attorney for Plaintiff*

/s/ Ray Foushee
Raymond Foushee
ASB-9344-X13G
*Attorney for Plaintiff*

**OF COUNSEL:**
Virtus Law Group
100 41st Street South, Suite A
Birmingham, Alabama 35222
Phone: (205) 946-1924
js@vlgal.com

## **Please serve the Defendant by certified mail as follows:**

Universal Protection Service, LLC.; d/b/a Allied Universal Security Systems
C/O Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, Al 36104